# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| ROBERT SILLS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-01578-LSC-SGC |
| ) | |
| WARDEN, FCI TALLADEGA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

The petitioner, Robert Sills, a federal inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Sills challenges the Federal Bureau of Prison's ("BOP") application of First Step Act ("FSA") credits toward his sentence.

On March 1, 2024, the magistrate judge entered a report recommending the court deny Sills's petition because (1) the BOP already applied the maximum amount of FSA credit permissible to Sills's release date and (2) this court lacks the authority to require the BOP to apply FSA credits toward Sills's placement in prerelease Residential Reentry Center or Home Confinement ("RRC/HC"). (Doc. 16). On March 18, 2024, the court received from Sills an objection to the Report and Recommendation. (Doc. 18). Sills objects because (1) his only claim is that the

respondent did not apply 76 (originally 81) days[1] of FSA credits to his release date or placement in RRC/HC and (2) the respondent admitted there are no limits to applying FSA credits toward an early release date.

Sills has received 365 days of FSA credits—the maximum allowed—toward his early release and an additional 490 days toward RRC/HC. *See* 18 U.S.C. § 3624(g)(3). This court cannot award him more days toward early release. Nor can this court require the BOP to apply additional credits to Sills's transfer to prerelease RRC/HC. A prisoner does not have a liberty interest in his place of confinement, including home detention. *See, e.g., Williams v. Flournoy*, 732 F. App'x 810, 812 (11th Cir. 2018). Further,

> [f]ederal district courts lack authority to order the BOP to place a prisoner in a RRC or home confinement. By statute, the BOP "shall designate the place of the prisoner's imprisonment," and may "direct the transfer of a prisoner from one penal or correctional facility to another." 18 U.S.C. § 3621(b). "Notwithstanding any other provision of law," any such "designation" by the BOP "is not reviewable by any court." *Id.*

*Chiwocha v. Neely*, No. 7:22-CV-1393-CLM-NAD, 2024 WL 406772, at *1 (N.D. Ala. Feb. 2, 2024) (citing *Sills v. FCI Talladega Warden*, No. 22-12656, 2023 WL 1775725, at *3 (11th Cir. Feb. 6, 2023) ("the court lacked the authority to order [the

---

[1] Per the respondent's supplemental filing, Sills has accrued 76 program days that have been "disallowed." (Doc. 14-1 at 1-2).

petitioner's] placement in home confinement.")).[2] If this court cannot require the BOP to transfer Sills to prerelease custody, by extension, it cannot order the BOP to apply FTC credits toward Sills's RRC/HC date.

After careful consideration of the record in this case, the magistrate judge's report, and Sills's objection, the court **OVERRULES** the objection (Doc. 18), **ADOPTS** the report, and **ACCEPTS** the recommendation. (Doc. 16). Consistent with that recommendation, the court finds Sills's petition is due to be denied.

A final judgment will be entered.

**DONE** and **ORDERED** on March 22, 2024.

_____
L. Scott Coogler
United States District Judge

160704

---

[2] *See also* 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection [discussing prerelease custody] shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.").